[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 25, 2007
THOMAS K. KAHN
CLERK

No. 07-11863
Non-Argument Calendar
_____

D. C. Docket No. 06-00210-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WESLEY WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 25, 2007)

Before TJOFLAT, BARKETT  and HULL, Circuit Judges.

PER CURIAM:

John Wesley Wilson appeals his 120-month sentence for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). According to the presentence investigation report ("PSI"), Wilson was arrested for assaulting two officers, who were attempting to arrest him, by driving with the officers partially in his car, thereby dragging and injuring them. After the arrest, a firearm was found in the car's glove compartment. The district court applied a 4-level increase based on the specific offense characteristic of possession of a firearm in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(6), but found that, regardless of whether the guideline range reflected the enhancement, in consideration of the 18 U.S.C. § 3553(a) factors, the statutory maximum sentence of 120 months was appropriate.

On appeal, Wilson argues that the four-level enhancement was improperly applied because: (1) there was no indication that he "went for his gun"; (2) the firearm was found in the glove compartment several hours after his arrest; and (3) he fled the car on foot without attempting to reach for the gun.

Upon review of the record, PSI, and sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error.

We review "the district court's application and interpretation of the sentencing guidelines under the de novo standard of review, but review[] its finding of fact for clear error." United States v. Rhind, 289 F.3d 690, 693 (11th

2

Cir. 2002). The district court must calculate the guideline range accurately. United States v. Williams, 456 F.3d 1353, 1360 (11th Cir. 2006). However, harmless error review applies to a guideline miscalculation. Id. "A Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." Id. Because the district court explicitly found that consideration of the 18 U.S.C. § 3553(a) factors warranted the statutory maximum sentence, regardless of whether the guideline range reflected the four-level enhancement for possession of a firearm in connection with another felony offense, any error it might have committed was harmless.

**AFFIRMED**